SO ORDERED.

SIGNED this 05 day of April, 2012.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

BRENDA T. MARSHALL, (Deceased),    CHAPTER 13
                                    CASE NO.  09-11603-8-RDD
    DEBTOR

### ORDER DENYING MOTION FOR HARDSHIP DISCHARGE

Pending before the Court is the Motion for Hardship Discharge (the "Motion") filed by Brenda T. Marshall on January 13, 2012.  The Court conducted a hearing on March 13, 2012 to consider the Motion.

### BACKGROUND

On February 3, 2009, Brenda T. Marshall (the "Debtor") and Leon Marshall, Sr. filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, case number 09-00806-8-RDD.  The Court confirmed the Chapter 13 plan of reorganization on November 20, 2009.  The plan required payments of $1,100.00 per month for sixty (60) months.  The plan was modified by an order entered on August 18, 2011.  The modified plan required payments of $3,560.00 for thirty (30) months and then payments of $5,540.00 for thirty (30) months.  As of the

March 13, 2012 hearing, the Debtor and Mr. Marshall made approximately $117,000.00 in plan payments.

The Debtor passed away on July 8, 2011. The Court entered the Order Allowing Motion to Sever Chapter 13 Case on February 14, 2012 on the motion of Mr. Marshall, which severed the Debtor and Mr. Marshall's joint petition.

The Debtor's attorney filed the Motion seeking a hardship discharge pursuant 11 U.S.C. § 1328(b) because the Debtor is now deceased. The Motion states the claims filed by the Internal Revenue Service ("IRS") are nondischargeable, there are no assets to be distributed, and the remaining unsecured creditors will receive nothing under the Debtor's Chapter 13.

The Debtor and Mr. Marshall were married on December 3, 1977. Prior to the Debtor's death, the two resided in Goldsboro, North Carolina. Since 2004, the Debtor operated Tranquility Counseling Service, LLC, which provided mental health services. At the time the Debtor and her husband filed the Chapter 13 petition, there were several significant claims filed by the IRS in excess of $200,000.00 and the North Carolina Department of Revenue in excess of $30,000.00. The Debtor operated Tranquility Counseling Service, LLC until approximately April 2011, when her struggle with cancer made it impossible for her to work any longer.

At the hearing on March 13, 2012, the Debtor's husband testified about the couple's financial situation. Mr. Marshall stated that while he was not sure of the amount of taxes currently owed, the amount could be as much as $165,000.00. Mr. Marshall testified he knew very little about the Debtor's finances or the finances of Tranquility Counseling Service, LLC. Mr. Marshall stated the couple filed their tax returns together and that they generally owed taxes each year. Mr. Marshall testified that on one occasion, he asked the Debtor if she paid tax on the income she earned and the

Debtor refused to speak to him for the rest of the day. After that, Mr. Marshall did not bring the issue up again. Mr. Marshall also testified the couple owned several vehicles, all titled in the Debtor's name, that were either encumbered by liens or had little to no value. Finally, Mr. Marshall stated the note securing one of the couple's two homes was foreclosed. He received notice the remaining home would be sold at a foreclosure sale in the near future.

## DISCUSSION

The Debtor moves for a hardship discharge pursuant to 11 U.S.C. § 1328(b). Section 1328(b) provides any time after confirmation of a plan, the court may grant a discharge to a debtor who has not completed all plan payments if:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). The debtor bears the burden of proof for all three elements under § 1328(b). *In re Harrison*, No. 96-36511-T, 1999 WL 33114273, at *1 (Bankr. E.D.Va. Aug. 3, 1999). Furthermore, "[t]he grant or denial of a debtor's request for a hardship discharge is within the discretion of the bankruptcy court." *Bandilli v. Boyajian (In re Bandilli)*, 231 B.R. 836, 838 (B.A.P. 1st Cir. 1999).

The Court finds the Debtor's failure to complete plan payments is not due to circumstances for which the Debtor should not justly be held accountable. The Debtor's husband testified he asked the Debtor if she paid any of her taxes as they became due and the Debtor refused to answer him.

The Court finds this evidence compelling because had the Debtor paid her tax liabilities as they became due, such large plan payments would not have been necessary and the Debtor could have likely completed the plan.[1]  Therefore, the Debtor has not met the burden of proving the failure to complete plan payments is due to circumstances for which the Debtor should not justly be held accountable, the first requirement under § 1328(b).[2]

Courts in this district have found the death of a debtor constitutes a circumstance precluding completion of plan payments for which a debtor should not be held accountable. *See In re Bond*, 36 B.R. 49 (Bankr. E.D.N.C. 1984) (granting a discharge pursuant to 11 U.S.C. § 1328(b) when the debtor died prior to completion of the Chapter 13 plan).  The Debtor in *Bond* made forty-two (42) payments under a plan with a proposed 48% dividend to unsecured creditors prior to her death.  The court concluded the debtor made commendable efforts to repay her creditors and that denying the debtor a hardship discharge would only penalize the debtor's children.  If the debtor was not granted a hardship discharge, the court found her assets would be administered through North Carolina probate law and all non-exempt assets would be consumed by creditors leaving the debtor's children with little or nothing.  Therefore, the court found the debtor complied with the elements of § 1328(b) and the circumstances justified a hardship discharge.

---

[1] The Court bases this conclusion on the approximately $117,000.00 the Debtor and Mr. Marshall paid into the plan compared to the approximately $165,000.00 in remaining tax liability.

[2] Failure to meet the first element of § 1328(b) renders application of the remaining elements unnecessary. *See In re Harrison*, 1999 WL 33114273, at *1 (explaining a debtor bears the burden of proof on all three elements under 11 U.S.C. § 1328(b)); *In re Cummins*, 266 B.R. 852, 857 (Bankr. N.D. Iowa 2011).

In the present case, the Debtor left hardly any assets for distribution to her surviving husband and children. The vehicles Debtor owned were encumbered by liens or had almost no value and any real property had already been foreclosed on or was in the foreclosure process. Additionally, the majority of the debt in the Debtor's case resulted from priority tax claims, which are presumptively nondischargeable pursuant to 11 U.S.C. § 523(a). 11 U.S.C. §1328(c)(2). Furthermore, the evidence suggests the Debtor deliberately avoided paying taxes on her income prior to filing the petition, an act of bad faith, which in the Court's discretion, is undeserving of a hardship discharge.

Therefore, because the Debtor's failure to complete plan payments is not due to circumstances for which the Debtor should not justly be held accountable, the Motion is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**